Benjamin Brenner, J.
Plaintiff in action No. 1 seeks to sever that action, previously consolidated with action No. 2, and to transfer it to the City Court. The consolidated action was denied a preference under rule 9 of this court and given a non-preferred status on the court calendar. The attorneys for the plaintiffs in action No. 2 have refused to stipulate for the transfer of the consolidated action to the City Court. Defendants’ objection to a severance and a transfer is a claim of possible difficulty to subpoena witnesses who may move and reside outside the jurisdiction of the City Court. Even if this were a factual and not a conjectural objection, the claimed prejudice is altogether overshadowed by the need to afford a trial to plaintiff in action No. 1, which would be wholly denied him were a severance and transfer to be withheld. Section 110-b of the Civil Practice Act authorizes the transfer, even without consent *953 of the defendants. Neither the prior consolidation nor the refusal of plaintiffs in action No. 2 to consent should bar transfer which would have been granted, pro forma, following denial of a preference under rule 9, had there been no consolidation. It was never intended by rule 9 of this court to wholly bar trial to one who erroneously chooses the wrong forum.
Motion granted. Settle order on notice.